———o-◆-o———

KEISER'S ADMINISTRATOR *et al.*, Defendants in Error, *vs.* MOORE & CHAPMAN, Plaintiffs in Error.

1. When a party has filed one interplea in an attachment suit, and on the trial has taken a nonsuit, it is no error for the court to strike out a second interplea filed by him in the same case, without leave of court.

*Error to St. Louis Court of Common Pleas.*

GAMBLE, Judge, delivered the opinion of the court.

The plaintiffs, having instituted a suit by attachment against Ephraim Moore, the present appellants, Moore & Chapman, on the 11th of October, 1848, filed their claim to the property attached in the hands of the garnishee, as interpleaders. Issue was made on this claim and was tried on the 13th of March, 1850. Upon the trial, the interpleaders took a nonsuit, and

having excepted to the opinions of the court, brought the cause to the Supreme Court, where the judgment of the Court of Common Pleas was affirmed. The decision of this court was certified to the Court of Common Pleas on the 10th of May, 1851, and on the 26th day of that month, the same persons, without any leave of the court, file their claim to the property attached, in the same form as that in which it was first exhibited. On motion of the plaintiffs, the court struck out this second claim of property, as having been filed without any leave from the court, and having been filed contrary to the agreement of the interpleaders, by their attorney. The written agreement, signed by the attorney, is spread upon the record, but will not be further noticed in deciding the case.

As the interposition of a claim to the property attached delays the proceedings in the original action, it is certainly important, that it should be made and determined as speedily as practicable. The 39th section of the attachment act, which allows the claimant to interplead, provides, "that the issue shall be tried without any unnecessary delay, and no judgment shall be rendered against the garnishee in whose hands the property or effects may be, until the interpleader shall be determined." In the present case, the same parties who had claimed the property and had their right to it tried in March, 1850, and the judgment of the court affirmed in this court, come again in May, 1851, and without any permission of the court, renew their claim. If this proceeding be allowable, the plaintiffs, whatever may be the merits of their claim, will never get a judgment against the garnishee.

The court rightly struck out the claim filed by the interpleaders, under the circumstances of this case, and the judgment is affirmed, with the concurrence of the other Judges.